# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

ALBERT THOMAS,                              No. 2:14-CV-1897-CMK-P

       Plaintiff,

  vs.                                              <u>ORDER</u>

SHAFFER,

       Defendant.

_____/

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).

/ / /

/ / /

/ / /

In his "complaint," which would more accurately be described as a letter to the Clerk of the Court, plaintiff cites another action pending in this court, Johnson v. Shaffer, et al., E. Dist. Cal. Case No. 2:12-CV-1059-KJM-AC, and encloses what he captions "Motion for Relief Judgment or Order and Contempt" bearing the case number for the Johnson action. The Johnson action is a class action involving California inmates sentenced to life terms. According to other documents enclosed with plaintiff's letter, plaintiff is not a California inmate. He is an inmate in Georgia claiming that he is improperly being denied parole by the Georgia Board of Pardons and Paroles.[1]

To the extent plaintiff asserts that this action may somehow proceed as an action related to the Johnson class action pending in this court, or a filing within that action, plaintiff cannot state any claim for relief because he is not a California inmate. To the extent plaintiff seeks to raise claims related to his confinement in Georgia, the Eastern District of California is not the correct venue, either for a civil rights action under 42 U.S.C. § 1983, see 28 U.S.C. § 1391(b), or a habeas corpus action under 28 U.S.C. § 2254, see Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989).

Because it does not appear possible that the deficiencies identified herein can be cured by amending the pleadings, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff shall show cause in writing, within 30 days of the date of this order, why this action should not be dismissed for failure to state a claim and/or lack of proper venue. Plaintiff is

///

///

///

---

[1] The court specifically notes a March 12, 2013, order provided by plaintiff issued by Hon. J. Owen Forrester, Senior District Court Judge for the Norther District of Georgia in case no. 1:96-CV-0527-JOF, addressing plaintiff's claims.

warned that failure to respond to this order may result in dismissal of the action for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders. See Local Rule 110.

        IT IS SO ORDERED.

DATED: December 9, 2014

                                                    **CRAIG M. KELLISON**
                                                    UNITED STATES MAGISTRATE JUDGE