IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT THOMAS, | No. 2:14-CV-1897-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| SHAFFER, | |
| Defendant. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

On December 9, 2014, the court directed plaintiff to show cause, in writing, why this action should not be dismissed for failure to state a claim and/or lack of proper venue. The court stated:

> In his "complaint," which would more accurately be described as a letter to the Clerk of the Court, plaintiff cites another action pending in this court, Johnson v. Shaffer, et al., E. Dist. Cal. Case No. 2:12-CV-1059-KJM-AC, and encloses what he captions "Motion for Relief Judgment or Order and Contempt" bearing the case number for the Johnson action. The Johnson action is a class action involving California inmates sentenced to life terms. According to other documents enclosed

1

with plaintiff's letter, plaintiff is not a California inmate. He is an inmate in Georgia claiming that he is improperly being denied parole by the Georgia Board of Pardons and Paroles.[1]

To the extent plaintiff asserts that this action may somehow proceed as an action related to the <u>Johnson</u> class action pending in this court, or a filing within that action, plaintiff cannot state any claim for relief because he is not a California inmate. To the extent plaintiff seeks to raise claims related to his confinement in Georgia, the Eastern District of California is not the correct venue, either for a civil rights action under 42 U.S.C. § 1983, <u>see</u> 28 U.S.C. § 1391(b), or a habeas corpus action under 28 U.S.C. § 2254, <u>see</u> <u>Dunne v. Henman</u>, 875 F.2d 244, 249 (9th Cir. 1989).

In his response to the order to show cause, plaintiff argues issues related to his confinement. Specifically, plaintiff states: "Plaintiff claims that the Georgia state Board of Pardons and Paroles has violated his due process rights by refusing to parole him." In light of plaintiff's response, the court finds that this action should be dismissed for lack of proper venue.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed for lack of proper venue;

2. All pending motions (Docs. 3 and 11) are denied as moot; and

3. The Clerk of the Court is directed to enter judgment and close this action.

DATED: February 5, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[1] The court specifically notes a March 12, 2013, order provided by plaintiff issued by Hon. J. Owen Forrester, Senior District Court Judge for the Norther District of Georgia in case no. 1:96-CV-0527-JOF, addressing plaintiff's claims.